SANDRA LEVINE, an Infant, by MORRIS LEVINE, Her Guardian ad Litem, et al., Respondents, *v.* CITY OF NEW YORK, Appellant.

First Department, April 20, 1954.

*Seymour B. Quel* of counsel (*Fred Iscol* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellant.

*Andrew C. Mayer* of counsel (*George L. Genung* and *Sol Pottish* with him on the brief; *Genung, Ettinger, Pottish & Moroney,* attorneys), for respondents.

*Per Curiam.* At the time of the accident in question, the infant plaintiff then, as she testified, " about twelve, thirteen — eleven " years of age, was not walking on the connecting stone steps that formed part of the public thoroughfare nor was she walking on any part of the thoroughfare. She was playing a game with other children called " follow-the-leader " and at the moment of the accident she was the " leader ". Using as a ladder an iron railing running parallel to the stone steps, she had climbed to the top of a square, fairly high, cement post erected at the foot of the steps. First she stood with both feet on top of the post and then, still acting as " leader ", she attempted to step down from the top of the post to the top of the iron railing running parallel to the public thoroughfare, intending to walk thereon. Originally connected with the side of the cement post, that part of the iron railing had apparently rusted away or been broken off; and, for a distance of about eight inches, was separated from the concrete post. Stepping

down from the post, plaintiff stepped into the open space between the post and the iron railing, fell upon the jagged end of the railing and received the injuries complained of. There was testimony that the railing at that point had been broken for some years and there was also testimony that children in the vicinity had been playing on the steps and on the railing itself; but there was no evidence of any previous accident at the place in question.

Relying on the principle that the propensity of children to play on railings is well known, the trial court held it was well within the limits of reasonable anticipation that some accident of this general character was liable to occur to children playing at the place in question as a result of the defective and dangerous condition of the railing which had existed for many years; and, accordingly, gave a verdict for plaintiff. Defendant appeals.

We think this accident and the consequences flowing therefrom should not be charged against defendant, City of New York. The infant plaintiff suffered the accident and injuries in question as a consequence of (1) going needlessly on a portion of the structure that was no part of the public thoroughfare, where no one was invited or had a right to be and where the city in the exercise of reasonable foresight was not bound to anticipate that persons would be; and, then, (2) in daylight, stepping down recklessly from the top of the post to the railing at a place where, by the exercise of the slightest care or observation, plaintiff could have seen that the railing was no longer connected with the post.

The judgment appealed from should be reversed and the complaint dismissed, with costs.

Dore, J. P., Callahan and Breitel, JJ., concur; Bastow and Botein, JJ., dissent and vote to affirm.

Judgment reversed, with costs, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.